UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LANDON LANE LAWLESS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-CV-0044-CVE-SH |
| ) | |
| **ROUNDPOINT MORTGAGE SERVICING** ) | |
| **CORPORATION and FREEDOM** ) | |
| **MORTGAGE CORPORATION** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendants Roundpoint Mortgage Servicing Corporation's ("Roundpoint") and Freedom Mortgage Corporation's ("Freedom") motion to dismiss plaintiff's claims for conversion and violation of the Fair Credit Reporting Act (FCRA) (Dkt. # 9), plaintiff's response (Dkt. # 14), and defendants' reply (Dkt. # 16). On December 14, 2022, plaintiff filed a petition in Tulsa County District Court, Oklahoma, asserting three claims for: 1) conversion, 2) breach of contract, and 3) violation of the Fair Credit Reporting Act, 15, U.S.C. § 1681, et seq., against defendants Roundpoint, Freedom, and State Farm Bank FSB. Dkt. # 5-1. On February 6, 2023, plaintiff dismissed all of his claims against State Farm Bank FSB without prejudice. Lawless v. Roundpoint Mortgage Servicing Corporation et al., No. CS-2022-5159 (Okla. Dist. Ct. Feb. 6, 2023). On February 8, 2023, Freedom removed the action to this Court because it has original jurisdiction pursuant to 28 U.S.C. § 1331, as one of plaintiff's claims arises under federal law, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Dkt. ## 1, 5. Subsequently, on February 14, 2023, the remaining defendants, Roundpoint and Freedom, filed

the present motion to partially dismiss plaintiff's petition for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.

Plaintiff's petition alleges the following: on November 7, 2016, plaintiff executed and delivered a note and mortgage to State Farm Bank FSB. Dkt. # 5-1, at 3. The bank used Roundpoint to service the note "by properly accounting for all payments to be paid by" plaintiff. Id, On or about August 18, 2020, Roundpoint "merged" with Freedom, at which point Roundpoint became a "wholly owned subsidiary of Freedom." Id.

"On or about June 1, 2022, . . . Freedom claims it 'acquired' the [n]ote and [m]ortgage from" Roundpoint. Id. However, plaintiff's "payments were effectuated by automatic drafts of his personal bank account initiated by" Roundpoint through August 30, 2022. Id. On October 3, 2022, Freedom sent plaintiff a letter "incorrectly asserting the [n]ote was in arrears for three consecutive months in the aggregate sum of $3,560.33." Id. "[K]nowing that Freedom was incorrect in its account," plaintiff paid $3,560.33 to Freedom on October 18, 2022, which "resulted in a *de facto* prepayment for Freedom" in that amount. Id. Since then, plaintiff has "futilely made demands upon Freedom to either return that sum or credit that amount as a principal reduction." Id.

Freedom or Roundpoint "compounded its mistake" by reporting to credit agencies that plaintiff "was in default of his obligation . . . which, in turn, substantially damaged his credit score." Id. "Freedom has denied [plaintiff's] demand to rectify that situation." Id.

Now plaintiff asserts three claims against defendants: 1) conversion, 2) breach of contract, and 3) violation of the Fair Credit Reporting Act, , U.S.C. § 1681, et seq., and seeks actual damages, exemplary damages, and statutory damages as applicable. Id. at 3-4.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendants argue that plaintiff's first and third claims for relief, conversion and violation of the FCRA, should be dismissed for failing to state a claim upon which relief can be granted. Dkt.

# 9. Plaintiff argues that the special relationship between plaintiff and defendants allows for his conversion claim and that, while plaintiff did not follow the FCRA's procedure for relief, there are policy reasons to permit his claim to continue. Dkt. # 14. The Court will address each claim in turn.

### A.

A suit for conversion may be maintained by establishing an "act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Welty v. Maritinaire of Oklahoma, Inc., 867 P.2d 1273, 1275 (Okla. 1994). "In terms of essential elements, one seeking damages for conversion must plead and prove (a) he owns or has a right to possess the property in question, (b) that defendant wrongfully interfered with such property right, and (c) the extent of his damages." White v. Webber-Workman Co., 591 P.2d 348, 350 (Okla. Civ. App. 1979). However, conversion generally applies to tangible property only and, under Oklahoma law, money is intangible. Shebester v. Triple Crown Insurers, 826 P.2d 603, 608 (Okla. 1992) (stating that the "general rule in Oklahoma is that only *tangible personal property* may be converted" and that "under Oklahoma law [money] is considered *intangible personal property*") (emphasis in original).

Plaintiff argues that while his conversion claim is for money, and so fails under the general rule, conversion has been found in a "debtor-creditor relationship[s]" when a bank withholds a check or uses a check in an unauthorized manner. Dkt. # 14, at 2. "The general rule is that an action for conversion of funds will not lie for a general debt. It has been held, however, that once an account matures, a bank's withholding of a check representing specifically identified and designated sums belonging to the depositor, and its use of the check in an unauthorized manner, does constitute conversion." Steenbergen v. First Fed. Sav. & Loan of Chickasha, 753 P.2d 1330, 1332 (Okla. 1987) (citations omitted). No such circumstances are present in the facts as alleged by plaintiff. Plaintiff

4

alleges that the defendants are the servicers of plaintiff's loan with the bank and that the bank "holds both the Note and Mortgage." Dkt. # 5-1, at 2. This relationship is not akin to the limited depositor-bank relationship that was entertained in <u>Steenbergen</u> and its progeny. Further, the allegations pertain to payments on a loan, not a matured deposit account. Therefore, plaintiff's claim for conversion of money, which is intangible personal property, fails as a matter of law and should be dismissed.

**B.**

The FCRA imposes a duty on furnishers of credit information to refrain from reporting inaccurate information to a credit reporting agency ("CRA"). 15 U.S.C. § 1681s-2. However, the FCRA does not create a private right of action for a consumer against an entity for allegedly furnishing incorrect information to a CRA. See <u>Wenner v. Bank of America, NA</u>, 637 F. Supp. 2d 944, 951 (D. Kan. 2009); <u>Llewellyn v. Shearson Financial Network, Inc.</u>, 622 F. Supp. 2d 1062, 1072 (D. Colo. 2009); <u>Whisenant v. First Nat'l Bank and Trust Co.</u>, 258 F. Supp. 2d 1312, 1316-17 (N.D. Okla. 2003). Based on plaintiff's allegations, Roundpoint and Freedom are merely furnishers of information to CRAs, and so cannot be liable just for furnishing allegedly incorrect information. The FCRA may permit private rights of action against furnishers, but only after furnishers receive notice of a dispute from a CRA. 15 U.S.C. § 1681s-2(b),(c). Here, plaintiff does not allege that he notified any CRAs of the allegedly incorrect information, and so he did not follow the FCRA's dispute process. Under these facts, the FCRA does not provide a private right of action against defendants, the furnishers of credit information. <u>Sanders v. Mountain America Federal Credit Union</u>, 689 F.3d 1138, 1147 (10th Cir. 2012).

5

Plaintiff asks the Court to "consider the policy underlying the FCRA to allow him remedy [sic]." Dkt. # 14, at 4. However, Congress articulated its policy when it specifically exempted furnishers from exposure to private rights of action by plaintiffs who did not follow the prescribed dispute process. 15 U.S.C. § 1681s-2(c) (exempting private rights of action for violations of the duties of furnishers to provide accurate information, but otherwise permitting actions for violations of the duties of furnishers upon notice of a dispute from a CRA). Therefore, plaintiff's FCRA claim against defendants must also be dismissed.

## IV.

The Court has disposed of the federal law claim in the case, and defendant Freedom removed the case to federal court based on federal jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the plaintiff's remaining state law claim. However, district courts should decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). A district court should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness" when deciding whether to exercise supplemental jurisdiction over state law claims. Wittner v. Banner Health, 720 F.3d 770, 781 (10th Cir. 2013) (quoting Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995)). Interests of comity and fairness typically favor allowing state courts to hear claims arising under state law absent "compelling circumstances" to the contrary. Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

This case is in its infancy, the Court has not yet issued a scheduling order, and this Opinion and Order is the first substantive order the Court has entered in the case. The only claim remaining arises under state law. Even assuming that complete diversity exists (which is not clear from the

facts as stated in the petition), the remaining breach of contract claim is for $3,560.33, exclusive of interest and costs, and though plaintiff seeks attorney's fees, it is not clear the amount in controversy exceeds $75,000.  It is normally preferable for a district court to dismiss or remand in cases in which it has disposed of all claims over which it had original jurisdiction.  <u>Foxfield Villa Associates, LLC v. Robben</u>, 967 F.3d 1082, 1103 (10th Cir. 2020); <u>United States v. Botefuhr</u>, 309 F.3d 1263, 1274 (10th Cir. 2002); <u>Smith v. City of Enid by and through Enid City Comm'n</u>, 149 F.3d 1151, 1156 (10th Cir. 1998).  The interests of fairness and comity favor remanding the case to state court on the remaining state law claim, particularly in light of the case's early stage.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining breach of contract claim.

**IT IS THEREFORE ORDERED** that defendants' motion for partial dismissal (Dkt. # 9) is **granted**.  Plaintiff's first claim for conversion and third claim for violation of the FCRA are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining state law breach of contract claim.  **The Clerk of Court is directed to remand this case to Tulsa County District Court.**

**DATED** this 12th day of June, 2023.

                                                          CLAIRE V. EAGAN
                                                          UNITED STATES DISTRICT JUDGE